**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 17, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JESSE TRUJILLO,

    Petitioner-Appellant,

v.

CHRISTINE MARTINEZ, Warden,
and GARY K. KING, New Mexico
Attorney General,

    Respondents-Appellees.

No. 13-2028
(D.C. No. 1:12-CV-00406-JB-RHS)
(D. of N.M.)

---

### ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

---

Before **BRISCOE**, Chief Judge, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

---

  Jesse Trujillo, a New Mexico state prisoner, seeks a certificate of appealability (COA) to enable him to appeal the district court's denial of his petition for a writ of habeas corpus. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), and we construe Trujillo's filings liberally because he is proceeding pro se. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991). For the reasons stated below, we deny the application for a COA and dismiss this matter.

---

 [*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In 1981, while serving a life sentence for a 1979 felony murder conviction, Trujillo was convicted of, among other things, escape from prison, conspiracy to escape, and two more murders. The state court sentenced Trujillo to two additional life sentences for the new murder convictions. The court imposed a separate sentence for the escape-related charges, which was to be served prior to the life sentences for the additional murders. The escape and new murder sentences were also to be served consecutively. The New Mexico Court of Appeals, however, vacated the escape-related convictions and remanded for a new trial on these charges. Rather than retry Trujillo, the state then dismissed the escape charges.

In his petition for a COA, Trujillo raises two claims based on the above facts. First, he alleges that the state has denied him parole hearings for the 1979 murder charge, a violation of his right to due process that now requires us to vacate the 1979 murder sentence. Second, he alleges that because the escape charges were invalidated on appeal and because he was not retried on these charges, the two additional murder charges are now somehow invalid.

To obtain a COA on either of these claims, Trujillo must make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), such that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003).

Both of Trujillo's claims fail under this standard.  As to the first, Trujillo points to two state criminal statutes governing eligibility for parole.  One statute, passed before Trujillo committed the 1979 murder, accorded a prisoner eligibility for parole after he had served the first ten years of a life sentence.  Another statute, passed after the 1979 murder, made a prisoner eligible for parole only after serving thirty years.  Trujillo alleges that he was denied a parole hearing for over ten years because of the state's misplaced reliance on a statute that was passed after he had committed the 1979 murder.

If what Trujillo alleges were true, such a basis for the denial of a parole hearing might give rise to due process concerns, as we reasoned in *Devine v. New Mexico Department of Corrections*, 866 F.2d 339 (10th Cir. 1989).  But in fact, the respondents here concede that Trujillo was eligible for parole after serving the first ten years on the 1979 murder conviction.  They nevertheless contend that Trujillo refused to show up for parole hearings.  While the state court reviewing Trujillo's petition noted that it was unclear whether Trujillo had failed to participate in all of the parole hearings he had been eligible to attend, it concluded that the proper remedy was to accord Trujillo yearly parole hearings for the 1979 murder charge.  According such a remedy is consistent with our holding in *Devine*, and Trujillo points us to no authority suggesting that the state court's relief is somehow constitutionally deficient.  Further, we find no support

-3-

for his contention that the alleged denial of a parole hearing requires that we now vacate his sentence for the 1979 murder charge.

Trujillo fares no better with his second claim. In essence, he alleges that because convictions for which he was serving one sentence were vacated, any sentence to be served consecutive to the vacated sentence must also be invalid. Trujillo cites no authority for this proposition, and we decline to endorse such a broad rule: if a court vacates one conviction for a criminal defendant, it does not necessarily follow that all sentences served subsequent to a now-vacated sentence are consequently invalidated.

Therefore, because reasonable jurists would not find the district court's assessment of either of Trujillo's alleged constitutional claims debatable or wrong, we deny the petition for a COA and dismiss this matter.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge

-4-